BILLY J. WILLIAMS, OSB #901366
United States Attorney
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
**GARY Y. SUSSMAN, OSB #87356**
Assistant United States Attorney
gary.sussman@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Attorneys for the United States of America

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-CR-00226-JO |
| v. | **GOVERNMENT'S REPSONSE TO DEFENDANT'S MOTION TO ENFORCE SCHEDULING ORDER** |
| **W. JOSEPH ASTARITA,** | |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Pamala R. Holsinger, Gary Y. Sussman, and Paul T. Maloney, Assistant United States Attorneys, responds to defendant's motion to enforce scheduling order. Defendant's motion to preclude the government from relying on any expert not disclosed by September 15, 2017, should be denied for the following reasons.

At the status hearing on August 3, 2017, the government noted that its investigation was ongoing, and that additional evidence was likely (ECF 28-2 at 9).  The Court ordered that discovery be produced by September 15, 2017 (ECF 25 at 1).  However, the Court also wanted to

give the parties "a reasonable opportunity to get everything done thoroughly" (ECF 28-2 at 10), and ordered the government to produce any newly discovered evidence "as soon as practicable" (ECF 25 at 1). The Court designated this case as complex, in part, because the parties "anticipated testimony of multiple expert witnesses" (*id.* at 2-3). Nothing in this Court's order or in the transcript of the status hearing states or even suggests that the government would be precluded from identifying new expert witnesses needed to respond to specific defense challenges to the government's previously identified witnesses. That is precisely what is involved with this present dispute.

Indeed, during the status hearing, the government specifically stated it was likely to have additional expert witnesses in light of the defense contemplated in this case. Counsel for the government stated, "The Government also has potentially additional experts, which we will identify and disclose the summary of their testimony to the defense counsel once final determinations of those experts have been made" (ECF 28-2, p. 5). After defense counsel confirmed that this case was "likely to turn largely on expert testimony" (*id.* at 6), the discussion turned to setting a schedule for *Daubert* motions. Defendant's *Daubert* motions are currently due on November 6, 2017.

The government recently secured the services of a nationally known ballistics and trajectory expert in response to anticipated challenges to the government's existing trajectory evidence. Defendant suggests that the government could and should have retained that expert even before it sought an indictment. But that is unrealistic, since the government had no way of knowing that counsel, once retained, would challenge the qualifications of its ballistics and trajectory experts or the substance of their work. Thus, to suggest that the government has been dilatory because it failed to presciently secure this expert prior to indictment is off base.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**            **Page 2**
**TO ENFORCE SCHEDULING ORDER**

Contrary to counsel's claim that the government's failure to identify this witness by September 15, 2017, is "inexcusable" (ECF 28 at 5), if the defense had conferred with the government prior to filing its motion, they would have learned that there were at least two very good reasons for the government's need for an additional ballistics expert.

In addition to using this expert to check the work of the government's existing experts and rebut the anticipated defense challenges, the Deschutes County expert (whose identity and work output have already been provided in discovery) has a serious illness. He has undergone two surgeries and is currently under a rigorous medical regime. Although his prognosis is good, his illness is significant. Given the importance of the ballistics and trajectory evidence in this case, finding another expert is imperative, in the event the Deschutes County expert is unavailable at trial.

The government has been diligent in its efforts to find and retain an additional ballistics and trajectory expert. The government began its search for an appropriate expert shortly after learning that defendant intended to challenge its existing experts. Moreover, the additional expert's identity and credentials are no surprise to the defense, since they also tried to hire him.

On September 19, 2017, counsel for the government met with this expert to consult about this case and learned that the expert will need to conduct additional tests and analyses in order to produce the most accurate results possible. The expert may also need to consult with experts in other fields in order to determine the most accurate placement of the vehicles that were present at the scene of the shooting, including Robert Lavoy Finicum's truck. The expert is presently available to conduct tests the week of November 6-10, 2017. The government has advised the defense of the expert's availability, and has offered to coordinate with the defense on any

additional tests any defense expert may need to conduct with the evidence, especially given the significant logistical complexities involved in this case.

There is no question that this Court has broad discretion to control its docket, and to set and enforce pretrial deadlines. *United States v. W.R. Grace,* 526 F.3d 499, 508-09 (9th Cir. 2008) (*en banc*). No one has willfully violated a court order, however, so precluding the government from identifying and relying upon additional expert witnesses would be inappropriate given the circumstances. The case is designated as complex, and defendant is not in custody. If the defense believes that use of this additional expert will require more time to prepare for the *Daubert* hearing (which is likely, given the expert's timeline for performing the necessary tests and analyses), the government would not oppose a continuance to accommodate that need. Otherwise, the defense has failed to identify any prejudice it will suffer as a result of the government's need for an additional ballistics and trajectory expert.

Based on the foregoing, defendant's motion should be denied.

Dated this 20th day of September 2017.

>Respectfully submitted,
>
>BILLY J. WILLIAMS
>United States Attorney
>
>*/s/ Paul T. Maloney*
>PAUL T. MALONEY
>PAMALA R. HOLSINGER
>GARY Y. SUSSMAN
>Assistant United States Attorneys